LEMMON, Judge.
Plaintiff filed this suit to recover commissions and salary earned as a salesman while in defendant’s employ, specifically alleging the incorrectness of several debit entries listed in defendant’s accounting journal of his earnings and charges. Defendant answered and reconvened to collect on two promissory notes executed by plaintiff.
The matter proceeded to trial on June 8, 1978. The parties first stipulated that the journal entries represented a true and correct accounting of plaintiff’s credits for commissions and debits for draws and other charges, except for (a) asserted double entries of debits of 83,000.00 and $2,795.00; (b) debits labeled as interest charges on a $12,000.00 loan; (c) debits for salary and insurance premium payments to plaintiff’s son; and (d) several debits for other unspecified miscellaneous charges. Plaintiff’s rights were also reserved to claim a salary for a certain period, defendant denying plaintiff had worked on a salaried basis during the pertinent period.
Plaintiff then called for a return on a subpoena duces tecum (asserted by defendant to have been improperly and tardily served), and counsel for defendant stipulated that as to the alleged double entries they had checks to support only one entry of $3,000.00 and one entry of $2,795.00 and did not have checks to support debits for the other alleged draws in these same amounts. When defendant’s president was questioned about other records, he pointed to a number of boxes of unsorted papers, and upon suggestion by defendant’s counsel the trial judge continued the matter and eventually referred it to a commissioner.
After two schedulings the matter was fixed for trial on December 11, 1978. Allegedly because counsel inadvertently failed to mark the date on his calendar, neither plaintiff nor his trial counsel (from out of town) appeared. Associate counsel for plaintiff notified by telephone that day, appeared and requested that the commissioner either continue the case or keep the matter open for plaintiff’s evidence on a later date. The commissioner denied the request when defendant’s counsel objected.
The case on the principal demand was then called for trial, and plaintiff’s associate counsel announced he had no evidence to present at the time. Defendant also presented no evidence on the principal demand and immediately began evidence on the reconventional demand.
Defendant’s president testified that from 1971 through the termination of employment in August, 1976 plaintiff had worked strictly on a commission basis and never worked on a salary, except the last two months; that throughout his employment plaintiff had a drawing account against commissions earned and made draws several times per month as he needed money; that in April, 1976 plaintiff had borrowed $12,000.00 to pay income taxes; that on August 4, 1976 he and plaintiff reviewed the account, at which time plaintiff signed a note for $9,135.20 (the amount shown on the account as being owed to the company) and also borrowed an additional $800.00, signing a second note in that amount; and that no payment had been made on the two notes.
Upon the commissioner’s recommendation judgment was rendered dismissing the principal demand and awarding defendant the principal amount of the notes, plus fees, legal interest and costs. ’ Plaintiff then appealed.
The thrust of plaintiff’s appeal is twofold: first, the continuance should have been granted, and second, the evidence in the record by way of stipulation at the original hearing shows (a) as to the princi *1369 pal demand, defendant charged plaintiff $3,000.00 and $2,795.00 twice as a result of double entry errors and (b) interest charged on the $12,000.00 loan was unauthorized and usurious.
We have determined that a remand for retrial is in the best interest of both parties. On the evidence in this record plaintiff is at least entitled to a credit for unsupported accounting entries totaling $5,795.00.[1] In brief to this court defendant claims it now has evidence to support these charges, and a remand would allow presentation of this evidence. Moreover, defendant failed to show any agreement or other basis for the interest charges (which appear to be usurious) on the $12,000.00 loan.[2]
At the trial on remand defendant may be able to present additional evidence and thus prevail as to the substantial items discussed immediately above. Because of the unusual circumstances defendant should be allowed this opportunity. On the other hand, plains tiff is anxious to present the evidence he would have presented but for counsel’s inadvertent error in failing to enter the trial date on his calendar.
Under these overall circumstances an amendment of the judgment to give plaintiff credit for the items discussed above would not best accomplish justice between the parties. A remand to allow both parties the opportunity to present further evidence appears to be the far better course.
Accordingly, the judgment of the trial court is set aside and the matter is remanded for additional evidence by both parties and for decision after consideration of all the evidence. Costs are to be assessed upon final determination.

JUDGMENT SET ASIDE, CASE REMANDED.

. Defendant charged plaintiff’s account $2,795.00 on April 1, 1975 and again on June 12, 1975 and admittedly had checks or check stubs to support only one of the two entries. Likewise defendant charged plaintiff’s account $3,000.00 on January 16, 1974 and again on January 22, but had checks or check stubs to support only one of the two entries. Thus, defendant has received $5,795.00 of plaintiff’s funds, but has not accounted for these funds or explained its failure to do so.

. Additionally, this record contains no explanation for the disputed debits for salary and insurance paid to plaintiff’s son.